**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARQUITA CHANTE BECKLEY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-1548** |
| | : | |
| **TRILLIUM PLACE BY** | : | |
| **TANDEM LIVING,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**SCHMEHL, J.**                                                             **JUNE 9, 2026**

*Pro se* Plaintiff Marquita Chante Beckley commenced this civil action by filing a

Complaint (ECF No. 2) naming Trillium Place by Tandem Living ("Trillium") as a Defendant

and alleging violations of her rights under Title II of the Americans with Disabilities Act of 1990

("ADA"), 42 U.S.C. §§ 12101-12203.  Beckley also filed a Motion for Leave to Proceed *In*

*Forma Pauperis*.  (ECF No. 8.)  For the following reasons, the Court will grant Beckley leave to

proceed *in forma pauperis*, dismiss her Complaint for failure to state a claim, and grant her an

opportunity to file an amended complaint.

## I.      FACTUAL ALLEGATIONS[1]

Beckley states that she worked at Trillium through a staffing agency as a Certified

Nursing Assistant (CNA).  (Compl. at 3-4.)  She claims that while working at Trillium, she

performed her duties successfully, received excellent evaluations, and had no disciplinary issues

or documented complaints.  (*Id.*)  At some point, Beckley applied for a direct hire position as a

medication technician.  (*Id.* at 4.)  She alleges that she was qualified for this position because she

---

[1] The allegations are taken from the Complaint (ECF No. 2), for which the Court adopts the
sequential pagination supplied by the CM/ECF docketing system.

"had successfully performed duties" while working as a CNA. (*Id.*) On her employment application, she disclosed that she has "anxiety disorder, depression disorder, and ADHD." (*Id.*) Beckley avers that these conditions "are disabilities within the meaning of the ADA." (*Id.*)

Beckley alleges that she was offered and accepted the medication technician position and was scheduled to begin employment on August 12, 2025. (*Id.*) However, on August 11, 2025, she received a call from an HR representative at Trillium notifying her that the job offer was being rescinded. (*Id.*) Beckley was told that Trillium was rescinding the job offer "for phone usage and refusal of patient care." (*Id.* at 3-4.) She claims that these allegations are false and contends that she was never accused of such conduct and had no prior disciplinary issues. (*Id.*) Beckley maintains that prior to rescinding the job offer, Trillium did not inform her or the staffing agency of any complaints, and it did not interview her or conduct an investigation. (*Id.* at 4.)

Beckley avers that she filed a charge with the Equal Employment Opportunity Commission ("EEOC") on November 10, 2025, and that she received a Notice of Right-To-Sue letter from the agency on December 15, 2025. (*Id.* at 5.) She asserts ADA claims against Trillium for wrongful termination and retaliation. (*Id.* at 1-3.) Beckley seeks injunctive relief and monetary damages. (*Id.* at 6.)

## II.    STANDARD OF REVIEW

The Court will grant Beckley leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which

requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Beckley's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim."  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  "[T]he plausibility paradigm . . . applies with equal force to analyzing the adequacy of claims of employment discrimination."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* litigant liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."  *Id*.

## III.   DISCUSSION

The ADA prohibits covered entities from discriminating against qualified employees based on their disabilities.  *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020).  Beckley asserts that Trillium rescinded a job offer on account of a disability and that she suffered retaliation.  Because Beckley has failed to allege facts to make her claims plausible, the claims cannot proceed.

To state a claim for employment discrimination under the ADA, a plaintiff must allege that she has a disability within the meaning of the ADA, she was "'otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer[;]' and 'she suffered an otherwise adverse employment decision as a result of discrimination.'" *Morgan v. Allison Crane & Rigging LLC*, 114 F.4th 214, 220-21 (3d Cir. 2024) (quoting *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020)).  A person is disabled within the meaning of the ADA if they: (1) have "'a physical or mental impairment that substantially limits one or more' of their 'major life activities'; (2) have 'a record of such an impairment'; or (3) are 'regarded as having such an impairment.'" *Morgan*, 114 F.4th at 221 (quoting 42 U.S.C. § 12102(1)).

"[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* at § 12101(2)(A).  However, "to sufficiently allege that an impairment interferes with a major life activity, a plaintiff must elaborate on whether the alleged impairment interfered with [her] alleged major life activity during the period of alleged discrimination by Defendants," and "the plaintiff's allegations must contain sufficient factual support for his or her purported limitations, such as describing in some detail the frequency, duration, or severity of his or her limitations." *Earl v. Good Samaritan Hosp. of Suffern NY*, 625 F.Supp.3d 292, 304 (S.D.N.Y. 2022) (cleaned up), *aff'd*, 22-2505, 2023 WL 8708417 (2d Cir. Dec. 18, 2023).

Beckley has not stated a plausible ADA claim because she has not adequately alleged that she suffers from a disability or that Trillium discriminated against her because of it.  Beckley alleges that she has "anxiety disorder, depression disorder, and ADHD" and disclosed this

information on her employment application.  (Compl. at 4.)  She does not, however, provide any further detail explaining how she is limited by these conditions.  Although a plaintiff need not "go into particulars about the life activity affected by her alleged disability or detail the nature of her substantial limitations" at the pleading stage, she still must allege some facts to support an inference that she suffered from a disability within the meaning of the statute.  *Fowler*, 578 F.3d at 213; *Karipidis v. ACE Gaming LLC*, No. 09-3321, 2010 WL 2521209, at *8 (D.N.J. June 9, 2010) ("By simply stating that the plaintiff lives with an injury, illness or impairment without alleging that the impairment substantially limits a major life activity creates a defect in the Complaint.").  Beckley has also failed to allege plausibly that her job offer was rescinded because of a disability.  She alleges only that Trillium rescinded the job offer "for phone usage and refusal of patient care."  (Compl. at 3-4.)  Even accepting her assertion that Trillium's purported basis for rescission was false, Beckley has not alleged facts to tie the rescission of the job offer to her disability.  Accordingly, her disability discrimination claim will be dismissed.

Beckley also avers that she was subject to retaliation by Trillium.  (Compl. at 3.)  The ADA retaliation provision, 42 U.S.C. § 12203(a), states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge . . . under [the ADA]."  This provision is similar to Title VII's prohibition of retaliation.  *See* 42 U.S.C. § 2000e-3(a).  Accordingly, courts analyze ADA retaliation claims under the same framework employed for retaliation claims arising under Title VII.  *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997) (citing cases).

A plaintiff states a plausible retaliation claim based on disability discrimination if she "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal

evidence of the following elements: (1) she engaged in conduct protected by [the ADA]; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016); *Carvalho-Grevious v. Delaware State Univ.*, 851 F.3d 249, 257 (3d Cir. 2017). A general complaint about unfair treatment does not constitute protected activity; a plaintiff must allege that she complained specifically about unlawful discrimination. *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995).

Beckley provides no facts with respect to her retaliation claim. Without facts demonstrating that Beckley engaged in protected activity, including providing specific details about when the protected activity took place, as well as which individuals participated in the adverse employment action against Beckley, and facts showing a causal connection between the protected activity and the adverse employment action, Beckley has not asserted a plausible claim for ADA retaliation.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Beckley leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Given her *pro se* status, Beckley will be permitted to file an amended complaint if she can allege additional facts to cure the defects the Court has identified in her claims. An appropriate Order follows containing additional instructions as to amendment.

BY THE COURT:


*/S/ Jeffery L. Schmehl*
**JEFFREY L. SCHMEHL, J.**

6