**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARQUITA CHANTE BECKLEY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-1548** |
| | : | |
| **TRILLIUM PLACE BY** | : | |
| **TANDEM LIVING,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**SCHMEHL, J.** **OCTOBER 16, 2026**

Currently before the Court is an Amended Complaint filed by *pro se* Plaintiff Marquita Chante Beckley that alleges violations of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") against Defendant Trillium Place by Tandem Living ("Trillium"). For the following reasons, the Court will dismiss the Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

In her initial Complaint, Beckley alleged that Trillium violated the ADA by terminating her the day before she was expected to begin employment as a medication technician because she had previously disclosed that she suffered from a disability. (*See* ECF No. 2 ("Compl.") at 3-4.) Although she was told by a Trillium representative that her job offer was rescinded because of "phone usage and refusal of patient care," Beckley claimed that these allegations were false because she had no prior disciplinary issues. (*Id.*) Beckley brought claims of

[1] The Court adopts the sequential pagination supplied to the Complaint (ECF No. 2) and the Amended Complaint (ECF No. 11) by the CM/ECF docketing system.

wrongful termination and retaliation, alleging that her "anxiety disorder, depression disorder, and ADHD" were "disabilities within the meaning of the ADA." (*Id.* at 4.)

In a June 9, 2026 Memorandum and Order, the Court screened the initial Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it without prejudice to amendment. *Beckley v. Trillium Place By Tandem Living*, No. 26-1548, 2026 WL 1670109 (E.D. Pa. June 9, 2026); *see also* ECF Nos. 9 & 10. With respect to her ADA discrimination claims, the Court concluded that Beckley failed to state a plausible ADA claim because she did not adequately allege that she suffers from a disability or that Trillium discriminated against her because of it. *Beckley*, 2026 WL 1670109, at *2. Specifically, Beckley did not allege how she was limited by her anxiety disorder, depression, and ADHD. *Id.* Moreover, even if she had sufficiently alleged that she suffers from a disability within the meaning of the ADA, Beckley failed to plausibly allege that Trillium rescinded her job offer because of a disability. *Id.* With respect to her ADA retaliation claim, Beckley failed to allege that she engaged in protected activity under the ADA or that there was a causal connection between any alleged protected activity and the adverse employment action. *Id.* at *3. Beckley was provided with an opportunity to file an amended complaint. *Id.*

Beckley has returned with an Amended Complaint against Trillium, reasserting claims of disability discrimination and retaliation in violation of the ADA and adding claims pursuant to the PHRA. (*See* ECF No. 11 ("Am. Compl.") at 1, 2-3, 4.) She alleges claims based on failure to hire, termination of her employment, unequal terms and conditions of unemployment, and retaliation. (*Id.* at 2-3.) She claims that Trillium "abruptly rescinded [her] signed job offer less that 24 hours before [her] start date, manufacturing a false pretext to penalize [her] for [her] protected disability disclosure." (*Id.* at 3.)

Beckley asserts that she was diagnosed during her youth with major depression and anxiety disorder. (*Id.* at 4.) Between 2021 and 2023, she was also "diagnosed with Attention-Deficit/Hyperactivity Disorder (ADHD)." (*Id.*) She avers that these conditions "substantially limit [her] major life activities" including her "ability to learn, concentrate, sleep, think, interact with others, regulate intense emotional distress, and maintain basic neurological and cognitive executive functioning." (*Id.*) Beckley alleges that while her conditions caused severe manifestations that affected her high school academic performance, her conditions have been "well-managed through routine clinical care and medical management" since May 2025. (*Id.*)

Beckley worked at Trillium through a staffing agency (IntelyCare) as a Certified Nursing Assistant (CNA) from April 2025 through the summer of 2025. (*Id.*) She claims that her CNA duties were performed successfully, and she "maintained an exemplary work ethic, routinely received 5-star shift reviews," and had no disciplinary issues or patient care complaints. (*Id.*) On July 5, 2025, Beckley applied for a direct hire position with Trillium as a medication technician. (*Id.*) On the "Voluntary Self-Identification of Disability section" of the employment application, she "checked the box" indicating that she has, or previously had, a disability.[2] (*Id.*) Beckley claims that by doing so, she put Trillium's "human resources personnel and hiring managers on direct corporate notice of [her] protected status." (*Id.*)

On July 18, 2025, Beckley was interviewed by representatives of Trillium for the medication technician position as a direct hire. (*Id.*) She asserts that Trillium reviewed her application and "successful history since April" and "extended an official offer letter" that she signed on July 30, 2025. (*Id.*) Beckley alleges that her official start date was set for August 12,

[2] It is unclear from the allegations of the Amended Complaint whether Beckley was required to identify the nature any disability on the application form.

2025. (*Id.*) However, on August 11, 2025, Beckley received a phone call from Justin Lewis, a Trillium HR representative, notifying her that the job offer was being rescinded, effective immediately. (*Id.* at 5.) She was told that Trillium was rescinding the job offer because of "phone usage and refusal of patient care." (*Id.*)

Beckley claims that Trillium's accusations are false. (*Id.*) She maintains that no concerns or complaints were ever raised regarding her compliance with policy or her work performance and behavior. (*Id.* at 4.) She further asserts that Trillium did not "give [her] an opportunity to speak before making the decision to pull [her] offer." (*Id.* at 5.) Beckley alleges that Trillium's "manufacture [of] an extreme, unsubstantiated accusation of the eve of [her] start date" after initialing clearing her for hire, is a "direct causal link" demonstrating "a deliberate, bad-faith pretext formulated entirely to conceal unlawful discrimination based on [her] protected disability status." (*Id.*)

Beckley avers that she engaged in "legally protected activity under the ADA" by "disclosing [her] mental health conditions" on Trillium's employment application. (*Id.* at 5.) She claims that the "extreme temporal proximity of just 12 days" between her acceptance of the employment offer and Trillium's "abrupt" recission demonstrates that Trillium's "true motivation was illegal retaliation to punish [her] for making a protected disability disclosure." (*Id.*)

Beckley filed charges with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") on November 5, 2025, and avers that she received a Notice of Right-To-Sue letter from the EEOC on December 15, 2025. (*Id.* at 7-8.) She asserts ADA claims against Trillium for wrongful termination and retaliation. (*Id.* at 1-3.) She seeks injunctive relief and monetary damages. (*Id.* at 6.)

## II. STANDARD OF REVIEW

As Beckley is proceeding *in forma pauperis* (*see* ECF No. 10), 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court will accept the facts alleged in the *pro se* Amended Complaint as true, draw all reasonable inferences in Beckley's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. "[T]he plausibility paradigm . . . applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1,

2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III. DISCUSSION

### A. Disability Discrimination

Beckley's ADA and PHRA[3] discrimination claims are not plausible. As the Court previously instructed Beckley, to state a claim for employment discrimination under the ADA, a plaintiff must allege that she has a disability within the meaning of the ADA, she was "otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer[;] and she suffered an otherwise adverse employment decision as a result of discrimination." *Beckley*, 2026 WL 1670109, at *2 (internal quotations and citations omitted). Individuals are disabled within the meaning of the ADA if they: (1) have "'a physical or mental impairment that substantially limits one or more' of their 'major life activities'; (2) have 'a record of such an impairment'; or (3) are 'regarded as having such an impairment.'" *Id.* (quoting 42 U.S.C. § 12102(1)). Major life activities include, *inter alia*, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working, and impairment of the operation of a major bodily function. 42 U.S.C. § 12102(2)(A), (B).

[3] Claims under the PHRA are interpreted coextensively with their federal counterparts. *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996)).

Beckley has not stated a plausible ADA claim because she has not adequately alleged that she suffers from a disability or that Trillium discriminated against her because of it. Beckley alleges in conclusory fashion that she has been diagnosed with depression, anxiety, and ADHD. (Am. Compl. at 4.) Although Beckley avers that these conditions "substantially limit [her] major life activities" including her "ability to learn, concentrate, sleep, think, interact with others, regulate intense emotional distress, and maintain basic neurological and cognitive executive functioning" (*id.*), she does not include any facts explaining *how* these activities are limited, let alone, how they are *substantially limited*, which she is required to do to meet her pleading burden. *See Taylor v. L. Sch. Admission Council, Inc*., No. 25-1312, 2025 WL 1710056, at *2 (E.D. Pa. June 18, 2025), *aff'd sub nom. Taylor v. LSAC*, No. 25-2478, 2026 WL 2030371 (3d Cir. July 14, 2026) (dismissing ADA claims where the plaintiff alleged only that she "lives with an injury, illness or impairment without alleging that the impairment substantially limits a major life activity" and did not "include any facts explaining how these activities are limited" citing *Sally-Harriet v. N. Child. Servs*., No. 17-4695, 2019 WL 1384275, at *5 (E.D. Pa. Mar. 26, 2019)). Rather, Beckley avers that her conditions have been "well-managed through routine clinical care and medical management" since May 2025. (Am. Compl. at 4.) Although a plaintiff need not "go into particulars about the life activity affected by her alleged disability or detail the nature of her substantial limitations" at the pleading stage, she still must allege some facts to support an inference that she suffered from a disability within the meaning of the statute. *Fowler*, 578 F.3d at 213; *Karipidis v. ACE Gaming LLC*, No. 09-3321, 2010 WL 2521209, at *8 (D.N.J. June 9, 2010) ("By simply stating that the plaintiff lives with an injury, illness or impairment without alleging that the impairment substantially limits a major life activity creates a defect in the Complaint.").

Beckley has also failed to allege plausibly that her job offer was rescinded because of a disability. She avers only that Trillium rescinded the job offer because of "phone usage and refusal of patient care." (Am. Compl. at 5.) She contends that Trillium's "manufacture [of] an extreme, unsubstantiated accusation of the eve of [her] start date" after initialing clearing her for hire, is a "direct causal link" demonstrating "a deliberate, bad-faith pretext formulated entirely to conceal unlawful discrimination based on [her] protected disability status." (*Id.*) Even accepting her assertion that Trillium's purported basis for rescission was false, Beckley has not alleged facts to tie the rescission of the job offer to her disability. *See*, *e.g.*, *Grossinger v. Anthropic*, PBC, No. 26-4705, 2026 WL 2280727, at *4 (E.D. Pa. Aug. 7, 2026) ("Even if a person is disabled, that does not mean that any action with negative impact on their lives happened *because* they are disabled.") (citing cases). Accordingly, her disability discrimination claim will be dismissed.

**B. Retaliation**

Beckley also avers that she was subject to retaliation by Trillium. (Am. Compl. at 3.) She alleges that she engaged in "legally protected activity under the ADA" by "disclosing [her] mental health conditions" on Trillium's employment application. (*Id.* at 5.) She claims that the "extreme temporal proximity of just 12 days" between her acceptance of the employment offer and Trillium's "abrupt" recission demonstrates that Trillium's "true motivation was illegal retaliation to punish [her] for making a protected disability disclosure." (*Id.*)

The ADA retaliation provision, 42 U.S.C. § 12203(a), states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge . . . under [the ADA]." This provision is similar to Title VII's prohibition of retaliation. *See* 42 U.S.C. § 2000e-3(a).

Accordingly, courts analyze ADA retaliation claims under the same framework employed for retaliation claims arising under Title VII. *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997) (citing cases).

As Beckley was previously instructed, to state a plausible retaliation claim based on disability discrimination, she must "plead[] sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by [the ADA]; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Beckley*, 2026 WL 1670109, at *3 (E.D. Pa. June 9, 2026) (citations omitted). A general complaint about unfair treatment does not constitute protected activity; a plaintiff must allege that she complained specifically about unlawful discrimination. *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995); *see also Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 188 (3d Cir. 2003) ("[I]t is unlawful for an employer to retaliate against an employee based upon the employee's opposition to anything *that is unlawful under the ADA*." (emphasis added)).

Beckley has not alleged that she engaged in any activity that is protected under the ADA. *See Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997). Merely checking the box on the Trillium employment application indicating that she has or had a disability is not protected activity. *See Leffert v. Walmart Inc.*, No. 23-2815, 2023 WL 8810790, at *3 (E.D. Pa. Dec. 20, 2023) (finding that plaintiff's disclosure about his wife's disability did not constitute protected activity); *Brown v. Vanguard Grp., Inc.*, No. 16-946, 2017 WL 412802, at *17 (E.D. Pa. Jan. 30, 2017) ("[S]imply disclosing that you have a disability is not engaging in a protected activity because it is neither an act of participating in a proceeding under the ADA, nor an opposition to discrimination made unlawful by the ADA."); *Lackey v. Heart of Lancaster Reg'l Med. Ctr.*, No.

15-415, 2016 WL 5461185, at *8 (E.D. Pa. Sept. 29, 2016) (finding the plaintiff had not engaged in protected activity under the ADA when she disclosed her panic attacks but presented no evidence that she requested an accommodation as a matter of law).

Beckley does not allege that she complained about unlawful discrimination or that she took any actions to oppose discrimination or otherwise exercise her rights under the law, such as by filing a charge or complaint of discrimination or requesting a reasonable accommodation, prior to being informed that her job offer had been rescinded. Without facts demonstrating that Beckley engaged in protected activity, including providing specific details about when the protected activity took place, and facts showing a causal connection between the protected activity and the adverse employment action, Beckley has not asserted a plausible claim for ADA retaliation.

**IV. CONCLUSION**

For the foregoing reasons, the Court will dismiss the Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court concludes that further attempts at amendment would be futile. *See Posey v. Klinefelter*, No. 25-1428, 2025 WL 1937084, at *2 (3d Cir. July 15, 2025) (*per curiam*) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in [her] complaint, but chose not to resolve them.") (quoting *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (*per curiam*); *Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *Robinson v. Delbalso*, No. 22-2378, slip op. at 5 (3d. Cir. Nov. 28, 2022) (*per curiam*) ("[B]ecause Robinson has had two

opportunities to amend his complaint, declining to grant further leave to amend was proper.”).

An appropriate Order follows, which dismisses this case. Fed. R. Civ. P. 58(a).

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*

**JEFFREY L. SCHMEHL, J.**